Louis G. Fazzi, Esq. SBN84362
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214
louisfazzi@yahoo.com

Greg Lester SBN 160084
Attorney at Law
410 W. Badillo Ave., Suite C
Covina, CA 91723
(626) 732-5800
Fax (626) 732-5884

Attorneys for Plaintiffs

FILED

11 APR -4  AM 9: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

The Johnson Sober Living House,
Lance Glock, Sandee Repp, John Does
1-8 and Jane Roes 9-12,

       Plaintiffs,

v.

City of Covina and Robert Neiuber,

       Defendants.

Case No. CV11 02809 RGK (Ex)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Declaratory and Injunctive Relief

2. Violation of the Fair Housing Act [42 U.S.C. §§ 3601-3619]

**PLAINTIFFS THE JOHNSON HOUSE, LANCE GLOCK, SANDEE REPP, JOHN DOES 1-8 AND JANE ROES 9-12, WHO FOR A CAUSE OF ACTION AGAINST DEFENDANTS CITY OF COVINA AND ROBERT NEIUBER, AND EACH OF THEM, FOR DECLARATORY AND INJUNCTIVE RELIEF, ALLEGE:**

    1.    Jurisdiction of the Court arises out of and is based upon 28 U.S.C. §§ 1331 and 2201, 28 U.S.C. § 1346 and 42 U.S.C. §3613.

    2.    Defendant City of Covina is, and at all times herein mentioned was, a municipality organized and existing pursuant to the laws of the State of California and the United States of America.

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

3.     Defendant Robert Neiuber is, and at all times herein mentioned was, the Director of Community Development of the City of Covina, and engaged in the conduct hereinafter alleged pursuant to the official policies, procedures, practices, ordinances, regulations, customs, or usage of the Defendant City of Covina such that the acts of the individual Defendant is and at all times herein mentioned was the acts of Defendant City of Covina.

4.     At all times herein mentioned, defendants, and each of them, were the agents and employees of each of the remaining defendants, and, were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his/her agent.

5.     Plaintiff The Johnson Sober Living House (hereafter The Johnson House) is, and at all times herein mentioned was, a corporation formed and existing pursuant to the laws of the State of California. The Johnson House is and has been what is termed a Sober Living House, which is a facility which offers living arrangements in a family setting for recovering addicts and alcoholics who are new in recovery and in many cases would be homeless unless housed at The Johnson House. The Johnson House has house rules which prohibit the use of alcohol and drugs and strongly suggest the residents thereof participate in alcohol and drug recovery programs as applicable to each individual resident. The residents of The Johnson House, Plaintiffs John Doe 1 through 8 and Plaintiffs Jane Roe 9 through 12, are, and at all times herein mentioned were, "handicapped" as that term is used and defined under 42 U.S.C. § 3602 which require accommodations for disabled persons.

6.     Plaintiffs Lance Glock and Sandee Repp are husband and wife, own all the stock in the Johnson House corporation and are the owners of certain real property in the City of Covina located at 353 N. Greer Ave., Covina CA 91724. (Plaintiffs The Johnson House, Lance Glock and Sandee Repp will hereafter be referred to as "The Johnson House Plaintiffs" for convenience.)

1   Plaintiffs John Doe 1 through 8 are, and at all times herein mentioned were,

2   male residents of The Johnson House affected by the actions of Defendants as

3   hereafter alleged; and Plaintiffs Jane Roe 9 through 12 are, and at all times

4   herein mentioned were female residents of The Johnson House affected by the

5   actions of Defendants as hereafter alleged. (These Plaintiffs will hereafter be

6   referred to as the Resident Plaintiffs for convenience.) The Resident Plaintiffs

7   must remain anonymous because their identities and basis for their disability

8   and other medical information is confidential and protected from disclosure by

9   virtue of the relevant provisions of 42 *U.S.C.* §§ 290dd-3 and 290ee-3 (*see* 42

10  *C.F.R.* §§ 2.1, 2.2), and under the rights to privacy granted by the Constitutions

11  of the United States of America and the State of California.

12          7.      On or about October 14, 2010, Defendant Robert Neiuber on

13  behalf of the City of Covina, informed Plaintiffs that "late last month, the City

14  became aware that you are operating a boarding house/group quarters" at their

15  location within the City of Covina, that "the City's Municipal Code does not

16  permit boarding houses or group quarters in the City's R-1-8500 single family

17  residential zone" and that "If the [property] is being operated as a group

18  quarters or boarding house, the City requires you to cease operations

19  immediately". In fact, the Defendant City of Covina does not define the term

20  "group quarters" and any purported regulation or ordinance regarding same is

21  void for vagueness, and at the time this notice was given Defendants, and each

22  of them, knew or in the exercise of reasonable care should have known that

23  The Johnson House did not meet the definition of "boarding house" as set forth

24  in the City's Municipal Code.

25          8.      In response to this notification, Plaintiffs The Johnson House Inc.,

26  Lance Glock and Sandy Repp engaged the services of counsel, who attempted

27  to resolve the issues raised by Defendants, and demanded accommodation for

28  Plaintiffs by reason of their disabilities. Meetings were held with Defendant

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

---

3

COMPLAINT AND DEMAND FOR JURY TRIAL

1    Neiuber on behalf of the City of Covina in November 2010 and again on
2    December 7, 2010, and accommodations were requested that Johnson House be
3    permitted to continue its operation as a sober living facility, because all the
4    Resident Plaintiffs have qualified disabilities who would be denied their right
5    to housing without accommodation.

6         9.    Defendant Robert Neiuber for the City Council of Defendant  City
7    of Covina thereafter prepared and submitted a proposed resolution ostensibly to
8    deal with the issue of sober living homes within the City, and held an open
9    meeting on December 21, 2010, at which Resolution 10-6919 (hereafter the
10   "Resolution") was presented and duly adopted. A true and correct copy of the
11   Resolution is attached hereto as Exhibit 1 and is incorporated herein as though
12   set forth in full at this point.

13        10.    Pursuant to the Resolution, on January 20, 2011, Defendant
14   Neiuber wrote counsel for Plaintiffs Johnson House, Glock and Repp and
15   informed them that the request for accommodation which had been submitted
16   in November and on December 7, 2010, was incomplete and that to be
17   considered, the request for accommodation must include all information
18   required by the Resolution, which was referred to by Defendant Neiuber as "the
19   Policy" adopted by the City of Covina City Council on December 21, 2010.
20   Among the information Plaintiffs were told they were required to submit were
21   the following:

22              "4. The basis for the claim that the Dwelling
23              Occupant(s) is/are considered protected by the Fair
24              Housing Laws (applicant should submit a letter from
25              a medical doctor, social or case worker, handicapped
26              license, or other similar supportive evidence);
27              5. The reason the accommodation is necessary to
28              make the specific housing available to the Dwelling

Louis G. Fuzzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

COMPLAINT AND DEMAND FOR JURY TRIAL

1    Occupant(s)...." (Emphasis added.)

2    Defendant Neiuber informed Plaintiffs in this letter that "in order to have

3    a complete application you must fill out the Variance Application form

4    (enclosed), provide the five items required for the application under the Policy,

5    present evidence in writing as to how all four of the required Variance

6    conditions exist in reference to [the] property, and present written evidence on

7    how your client meets the additional four required findings under the policy."

8    (Emphasis added.)

9    Plaintiffs were further told by Defendant Neiuber in the letter of January

10   20, 2011, to respond within thirty days or it would be assumed "(i) that you are

11   no longer interested in pursuing a reasonable accommodation in zoning to

12   operate a sober living facility at 353 N. Greer Street and (ii) that you have

13   ceased all further sober living facility operations thereon."

14   11.   In order to comply with the requirements demanded by Defendant

15   City of Covina to continue offering sober living services to the Resident

16   Plaintiffs, it is necessary that Plaintiff Johnson House invade the privacy rights

17   of the Resident Plaintiffs, and in the process violate 42 *U.S.C.* §§ 290dd-3 and

18   290ee-3. The Resident Plaintiffs do not consent or agree to disclosure of

19   information protected under either these laws or pursuant to their rights to

20   privacy guaranteed by the Constitution of the United States of America, and

21   Johnson House and Plaintiffs Lance Glock and Sandee Repp are obligated to

22   protect the privacy rights of the Resident Plaintiffs and are therefore prohibited

23   from providing information demanded by Defendants, and each of them.

24   12.   Plaintiffs are informed and believe and thereon allege that no other

25   sober living house located in the City of Covina has been required to produce

26   the information required of Plaintiffs, that the Resolution/ "Policy" adopted by

27   Defendant City of Covina was and is targeted only against Plaintiffs, and that

28   the Resolution/ "Policy" is or may be an unlawful bill of attainder prohibited by

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

1    Article I section 9 of the U.S. Constitution and Article I section 9 of the

2    California Constitution.

3       13.  An actual controversy therefore exists between Plaintiffs and

4    Defendants, in that Defendants have demanded The Johnson House Plaintiffs,

5    in order to continue to offer housing to the Resident Plaintiffs, provide

6    Defendant City of Covina information protected from disclosure under the laws

7    of the United States of America and the State of California, whereas Plaintiffs,

8    and each of them, maintain that the "Policy" established by Defendant City of

9    Covina as set out in the Resolution violates their rights to privacy as herein

10    alleged, and violates the Fair Housing Act, 42 *U.S.C.* § 3601 et seq. because it

11    discriminates against the Resident Plaintiffs and denies them their right to

12    housing.

13       14.  Defendants have threatened The Johnson House Plaintiffs to stop

14    all operations as a sober living facility and have therefore jeopardized the rights

15    of Plaintiffs to their housing. The Johnson House Plaintiffs would suffer

16    irreparable harm if compelled to comply with Defendant City of Covina's

17    Resolution/ "Policy" or cease operations as a sober living facility, and the

18    Resident Plaintiffs would suffer the loss of their housing and irreparable harm

19    thereby if The Johnson House is forced to cease its operations. Plaintiffs have

20    no plain, speedy and adequate remedy under ordinary course of law, other than

21    the relief sought in this claim, and therefore seek temporary and permanent

22    injunctive relief to prevent and prohibit Defendants, and each of them, from

23    enforcing or attempting to enforce the Resolution/ "Policy" against them.

24       15.  Plaintiffs therefore seek a declaration that the Resolution/ "Policy"

25    and any accompanying municipal ordinance is unconstitutional, void and of no

26    effect, and an order that it may not be imposed by Defendants on Plaintiffs or at

27    all; and temporary and permanent injunctive relief to prevent and prohibit

28    Defendants, and each of them, from enforcing or attempting to enforce the

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

COMPLAINT AND DEMAND FOR JURY TRIAL

1   Resolution/ "Policy" against them.

2

3   **PLAINTIFFS THE JOHNSON HOUSE, LANCE GLOCK,**

4   **SANDEE REPP, JOHN DOES 1-8 AND JANE ROES 9-12, WHO FOR A**

5   **SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY OF**

6   **COVINA, AND ROBERT NEIUBER, AND EACH OF THEM, FOR**

7   **VIOLATION OF THE FAIR HOUSING ACT, ALLEGE:**

8       16.   Plaintiffs refer to ¶¶ 1 through 15, inclusive, of the First Cause of

9   Action, and incorporate said paragraphs as though set forth in full in this Cause

10   of Action.

11       17.   Defendants, and each of them, have violated Fair Housing Act, 42

12   *U.S.C.* § 3601 et seq., in the following respects:

13       a.   Defendants have imposed discriminatory conditions on the rights

14   of Plaintiffs guaranteed by the Fair Housing Act, 42 *U.S.C.* § 3601 et seq., and

15   have thereby denied or refused to make housing available to Plaintiffs;

16       b.   Denied housing and/or failed to make housing available to

17   Plaintiffs, who are "handicapped" as that term is defined in the FHA, and are

18   therefore entitled to housing relief;

19       c.   Engaged in unlawful acts in violation of 42 *U.S.C.* § 3617 [it is

20   "unlawful to coerce, intimidate, threaten, or interfere with any person in the

21   exercise or enjoyment of, or on account of his having exercised or enjoyed, or

22   on account of his having aided or encouraged any other person in the exercise

23   or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or

24   3606 of this title."];

25       d.   Used the municipal legislative process to adopt regulations and/or

26   ordinances to discriminate in zoning and land use;

27       e.   By other acts or omissions of which Plaintiffs are presently

28   unaware. As soon as Plaintiffs become aware of such other acts or omissions,

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

7

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  they will seek leave of court to amend this Complaint as appropriate.

2      18.    As a direct and proximate result of the violations of the Fair

3  Housing Act, plaintiffs have suffered general damages for loss, damage and

4  harm to business reputation, income and standing in the community in a sum to

5  be shown at the time of trial, according to proof.

6      19.    As a further direct and proximate result of the violations of the

7  Fair Housing Act, the individual plaintiffs have suffered great and severe

8  mental and emotional distress, anger, anxiety, worry, shame, humiliation, loss

9  of self-esteem, mortification and chagrin, all to their special damage in a sum to

10  be shown at the time of trial, according to proof.

11      20.    As a further direct and proximate result of the aforementioned

12  wrongful conduct of defendants, and each of them, as herein alleged, plaintiffs

13  have been damaged in the following respects:  financial harm and depletion of

14  assets, loss of pension benefits, loss of health benefits, profit sharing, life

15  insurance, and other damages to be shown at trial according to proof.

16      21.    As a further direct and proximate result of the aforementioned

17  wrongful conduct of defendants, and each of them, as herein alleged, plaintiffs

18  have been forced to hire the services of an attorney, and have incurred

19  attorney's fees at the rate of $385 per hour for Mr. Fazzi and $250 per hour for

20  Mr. Lester, and will continue to incur attorney's fees at this rate or more until

21  the resolution of this matter, in a sum to be shown at the time of trial, according

22  to proof.

23      22.    The conduct of the defendant Robert Neiuber was malicious,

24  intended by defendant to cause injury to plaintiffs, was despicable conduct

25  carried on by the defendant Robert Neiuber with a willful and conscious

26  disregard of plaintiffs' rights, and with the intent to vex, injure or annoy

27  plaintiffs, such as to constitute oppression, fraud or malice, entitling plaintiffs

28  to punitive and exemplary damages in an amount appropriate to punish or set

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-237-6214

8

COMPLAINT AND DEMAND FOR JURY TRIAL

1   an example of defendant Robert Neiuber.

2        WHEREFORE, plaintiffs pray for judgment against defendants, and each

3   of them, as follows:

4        1.     A declaration that the Resolution/ "Policy" and any accompanying

5   municipal ordinance is unconstitutional, void and of no effect, and an order that

6   it may not be imposed by Defendants on Plaintiffs or at all; and temporary and

7   permanent injunctive relief to prevent and prohibit Defendants, and each of

8   them, from enforcing or attempting to enforce the Resolution/ "Policy" against

9   them;

10       2.     Damages for loss of income, depletion of assets, medical and

11  health benefits, pension benefits, profit sharing and other incidental out of

12  pocket expenses and damages in a sum to be shown at the time of trial,

13  according to proof;

14       3.     Special damages for mental and emotional distress, chagrin,

15  worry, anxiety, mortification, shame and grief, all to plaintiff's damage in a

16  sum to be shown at the time of trial, according to proof;

17       4.     Attorney's fees and incidental out of pocket costs and expenses,

18  all in a sum to be shown at the time of trial, according to proof;

19       5.     Punitive and exemplary damages in an amount appropriate to

20  punish or set an example of defendant Robert Neiuber only;

21       6.     For prejudgment interest on all damages;

22       7.     For costs of suit incurred herein; and

23       8.     For such other and further relief as the Court may deem just and

24  proper.

25  Dated: March 22, 2011

26                              Louis G. Fazzi, Esq.
                                Greg Lester, Esq.
27                              By
28                              Louis G. Fazzi, Esq.
                                Attorneys for Plaintiff(s)

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable under either law or discretion of the Court.

Dated: March 22, 2011

Louis G. Fazzi, Esq.
Greg Lester, Esq.

By
Louis G. Fazzi, Esq.
Attorneys for Plaintiff(s)

Louis G. Fazzi, Esq.
Attorney & Counselor at Law
222 N. Mountain Ave., Suite 108
Upland, CA 91786
909-257-6214

RESOLUTION NO. 10-6919

### A RESOLUTION OF THE CITY COUNCIL OF THE CITY OF COVINA, CALIFORNIA ADOPTING A POLICY REGARDING REASONABLE ACCOMMODATION IN ITS ZONING PRACTICES PURSUANT TO FAIR HOUSING LAWS

WHEREAS, the Covina Zoning Code (Covina Municipal Code, Title 17) regulates uses of land within the City of Covina by classifying them as either permitted, conditionally permitted or prohibited; and

WHEREAS, the Covina Zoning Code also establishes various land development standards within the City of Covina, such as lot size, setbacks, building height and parking; and

WHEREAS, Federal and State fair housing laws require the City to assure that no person is discriminated against because of race, color, religion, sex, sexual orientation, familial status, marital status, disability, national origin, source of income, or ancestry by being denied an equal opportunity to use and enjoy a dwelling; and

WHEREAS, in order to comply with Federal and State fair housing laws, the City must offer a reasonable accommodation to persons with disabilities (involving exceptions from the Covina Zoning Code) to the extent necessary to ensure that persons with disabilities have an equal opportunity to use and enjoy a dwelling; and

WHEREAS, this Resolution is intended to provide an administrative procedure for evaluating requests for reasonable accommodation related to specific applications of the Zoning Code in order to assure compliance with Federal and State Law.

NOW THEREFORE, THE CITY COUNCIL OF THE CITY OF COVINA DOES RESOLVE, DETERMINE, FIND AND ORDER AS FOLLOWS:

SECTION 1.  Definitions:  The following words and phrases, whenever used in this Resolution, shall have the following meanings, unless from the context an alternative meaning is clearly intended.

A.    "Applicant" means the person, business, or organization that has applied to the City of Covina for a permit for a project on the subject property and that is making a request for an exception from the Covina Zoning Code.

B.    "Director" means the Director of Community Development of the City of Covina.

C.    "Disability" means physical or mental impairment that substantially limits one or more of a person's major life activities or a record of having such an impairment, but such term does not include current, illegal use of or an addiction to a controlled substance.

D.    "Dwelling Occupant(s)" means the person(s) who will occupy the subject property and who is/are protected under the Fair Housing Laws.

Attachment 1  Page 1 of 5

EXHIBIT 1 p. 11

E.   "Fair Housing Laws" means Section 42 United States Code Section 3604(f)(3)(B) and California Government Code Sections 12827c(l) and 12955(l) as those provisions now exist and as they shall be amended from time to time.

SECTION 2.   Procedure:

A.   Application

Application shall be made and processed in the same manner listed for Variances in Covina Municipal Code, Chapter 17.78.  In addition, the applicant shall provide:

1.   A description of how the property will be used by the Dwelling Occupant(s);

2.   A current (generated within the last 60 days) floorplan of the entire dwelling/housing serving the property;

3.   A current (generated within the last 60 days) site plan illustrating the entire property, including but not limited to the dwelling/housing, parking areas, yards, and accessory structures;

4.   The basis for the claim that the Dwelling Occupant(s) is/are considered protected by the Fair Housing Laws (applicant should submit a letter from a medical doctor, social or case worker, handicapped license, or other similar supportive evidence);

5.   The reason the accommodation is necessary to make the specific housing available to the Dwelling Occupant(s); and

6.   A filing fee, in the amount established by City Council resolution, shall be paid at the time of filing an application under this Resolution.

B .   Notice

1.   Public notice of the consideration of an exception pursuant to this Resolution shall be provided by the Director by mailing such notice to (a) the property owners adjacent to the boundaries of the property under consideration and (b) the property owners directly across each street from the property under consideration.  For mailing purposes, the last known name and address of such owners as are shown on the latest available equalized assessment roll of the County Assessor shall be used.

2.   The public notice shall:

a.   be sent no later than ten (10) days after acceptance of a complete and accurate application;

b.   identify the property under consideration and indicate the nature of the proposed exception applied for;

c.   invite interested persons to notify in writing the Planning Division

EXHIBIT 1 p. 12

of any concerns, comments or to make a request to be further notified of actions relating to the proposed exception during a ten-day comment and review period commencing with the date of the notice;

d.   specify that only those specifically requesting to be further notified of actions relating to the application will be so notified of decisions or appeals; and

e.   specify that at the end of the ten (10) day comment and review period, the Director's final report and decision will be issued, initiating a ten-day appeal period.

C .   <u>Notice of Decision</u>

Within forty-five (45) days after acceptance of a complete application by the Planning Division for administrative review by the Director, the Planning Division shall provide the applicant with written notification of the decision regarding the request, including any reasonable conditions.

D .   <u>Term of Exception/Renewal</u>

Any decision granting an exception pursuant to this Resolution shall be effective for one (1) year from the date of the Director's decision, or from the City Council's decision if appealed and the exception granted. After one (1) year, an exception shall expire unless renewed. An Applicant may apply for annual renewals of an exception by following the procedure set forth in subsection (A).

E .   <u>Revocation</u>

The Director may, upon giving notice as provided in Section (B) herein, revoke an exception granted pursuant to this Resolution for either (i) noncompliance with the conditions set forth in granting the exception, or (ii) a finding that the applicant is no longer entitled to the exception under the Fair Housing Laws. Notification of the Director's action shall be mailed to the applicant and shall include the reasons for revoking the exception.

F .   <u>Appeals</u>

Appeals of the Director's decision may be pursued as set forth in Covina Municipal Code, Section 17.78.110.

SECTION 3.   <u>Approval/Denial:</u>  The request for reasonable accommodation will be considered by the Director who may deny, approve, or conditionally approve the request.

SECTION 4.   <u>Additional Findings Required:</u>  In addition to findings/grant conditions for a variance pursuant to Covina Municipal Code, Chapter 17.78, the following additional findings shall be made in order to approve an application under this Resolution:

A.   The Dwelling Occupant(s) who will use the subject property are protected under the Fair Housing Laws; and

Page 3 of 5

Attachment 1   Page 3 of 5

EXHIBIT 1 p. 13

B.    The requested exception to the Zoning Code is necessary to make specific housing available to Dwelling Occupant(s); and

C.    The requested exception will not impose an undue financial or administrative burden on the City of Covina; and

D.    The requested exception will be in compliance with all applicable Building, Electrical, Mechanical, Fire and Safety Codes and will not require a fundamental alteration of the City of Covina's Zoning Code and procedures.

SECTION 5.  Effective Date:  This resolution shall take effect immediately upon its adoption.

PASSED, APPROVED AND ADOPTED this 21st day of December, 2010.

_____
Mayor of the City of Covina

ATTEST:

_____
City Clerk of the City of Covina

APPROVED AS TO FORM;

_____
City Attorney

Page 4 of 5
Attachment 1   Page 4 of 5

EXHIBIT 1 p. 14

## CERTIFICATION

I, Catherine M. LaCroix, Deputy City Clerk of the City of Covina, hereby CERTIFY that Resolution No. 10-6919, was adopted by the Covina City Council at a regular meeting of the City Council held on December 21, 2010, and was approved and passed by the following vote:

AYES:      ALLEN, DELACH, KING, LOW, STAPLETON

NOES:      NONE

ABSENT:    NONE

ABSTAINED: NONE

Catherine M. LaCroix
Deputy City Clerk

EXHIBIT 1 p. 15