JOHN D. HIGGINBOTHAM, Bar No. 204179
WILLIAM J. PRIEST, Bar No. 202654
BEST BEST & KRIEGER LLP
3750 University Avenue, Suite 400
P.O. Box 1028
Riverside, CA 92502
Telephone: (951) 686-1450
Facsimile: (951) 686-3083
john.higginbotham@bbklaw.com
william.priest@bbklaw.com

Attorneys for Defendant
CITY OF COVINA and ROBERT NEIUBER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE JOHNSON SOBER LIVING HOUSE, SANDEE REPP, John Does 1-8 and Jane Roes 9-12,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF COVINA and ROBERT NEIUBER,<br><br>            Defendant. | Case No. CV 11-02809 RGK (Ex)<br>Judge: Honorable R. Gary Klausner<br><br>SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF CITY OF COVINA AND ROBERT NEIUBER FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT<br><br>[Filed concurrently with:<br>1. Notice of Motion and Motion for Summary Judgment;<br>2. Motion to File Points and Authorities in Excess of Page Limitations;<br>3. Declaration of Robert Neiuber;<br>4. Declaration of John Higginbotham;<br>5. Request for Judicial Notice;<br>6. Appendix of Evidence.]<br><br>Hearing:<br>Date:    April 16, 2012<br>Time:    9:00 a.m.<br>Dept.:   850 – Roybal Building<br><br>Motion Filing Cut-Off:  March 21, 2012<br>Pre-Trial Conference:   May 21, 2012<br>Trial Date:             June 5, 2012 |

# SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants City of Covina and Robert Neiuber submit the following Separate Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, or Alternatively, Summary Adjudication, filed concurrently herewith.

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 1. On September 22, 2010, two Covina police officers responded to a call of a marijuana smell coming from a residence located at 353 N. Greer Avenue, Covina CA 91723 and of several individuals moving into the residence. | 1. [Exh. 6 at 76-86; Exh. 9] |
| 2. The officers talked with Plaintiff Lance Glock who denied that any marijuana was present and no further action was taken on that issue. | 2. [Exh. 6 at 76-86; Exh. 9] |
| 3. The officers also asked Plaintiff Glock about the number of individuals residing there and whether the residence was going to be a sober living facility. Plaintiff Glock responded that the residence was being used as a sober living | 3. [Exh. 6 at 76-86; Exh. 9] |

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| facility. | |
| 4. On September 24, 2010, one of the police officers returned to the location and obtained some additional information from Mike Hundermark, who was then living in the residence. | 4. [Exh. 10] |
| 5. On October 14, 2010, Defendant Neiuber sent a letter to Plaintiffs Lance Glock and Sandee Repp notifying them that they were operating a boarding house at 353 N. Greer Ave., that the City's Zoning Code does not permit such uses in that zone, and if operating as such, Plaintiffs were required to cease operations immediately. | 5. [Comp. ¶7; Exh. 11] |
| 6. The letter also noted Plaintiffs' prior claim that Johnson House is a sober living facility but that the City's investigation to date suggested otherwise. | 6. [Comp. ¶7; Exh. 11] |
| 7. The letter then requested Plaintiffs to provide further information that | 7. [Comp. ¶7; Exh. 11] |

| | Undisputed Material Fact | Supporting Evidence |
|---|---|---|
| | Johnson House is a sober living facility entitled to reasonable accommodation in housing. | |
| 8. | On October 19, 2010, Plaintiffs Glock and Repp responded with a letter and some documents intended to demonstrate that the residence ("Johnson House") is a sober living facility. | 8.  [Exh. 12] |
| 9. | The letter also demanded as an accommodation that "the city drop all fees for any permits, planning fees and harassment and continued harassment [sic] from the city as it affects disabled people their equal opportunity to use and enjoy a dwelling in a single family residence." | 9.  [Exh. 12] |
| 10. | On November 9, 2010, Plaintiff Glock, Covina staff (including Defendant Neiuber), and each of their attorneys, met with a representative from the United States Department of Housing and Urban Development ("HUD") to discuss Johnson House's operations | 10.  [Comp. ¶8; Exh. 1; Exh. 16] |

| | Undisputed Material Fact | Supporting Evidence |
|---|---|---|
| | in order to resolve the issues raised by Covina in its October 14 letter. | |
| 11. | At the meeting, Plaintiffs' attorney presented several pages of information about Johnson House to all in attendance. | 11. Comp. ¶8; Exh. 1; Exh. 16] |
| 12. | In response to Mr. Neiuber's verbal request at the meeting, Covina received a letter from Plaintiffs' attorney, dated November 26, 2010, presenting a revised demand for accommodation for Johnson House based upon its residents' claimed disabilities. | 12. [Comp. ¶8; Exh. 17] |
| 13. | On December 7, 2010, Plaintiffs Repp and Glock attended a follow up meeting with Covina staff, along with each of their attorneys and two representatives from HUD, to further discuss Johnson House's operations and to better understand the accommodations that were being requested by Johnson House in order to continue operating at its location. | 13. [Comp. ¶8; Exh. 1] |
| 14. | After that meeting, Defendant | 14. [Comp. ¶9; Exh. 1; Exh. 18] |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

| **Undisputed Material Fact** | **Supporting Evidence** |
|---|---|
| Neiuber, in conjunction with the Covina City Attorney's Office, prepared and submitted a proposed resolution to the Covina City Council to establish a procedure to accept and evaluate applications made by disabled persons for reasonable accommodation in housing within the City, pursuant to applicable Federal and State fair housing laws. | |
| 15. The Covina City Council held an open meeting on December 21, 2010, at which Resolution 10-6919 (the "Resolution") was presented and duly adopted. | 15. [Comp. ¶9; Exh. 1; Exh. 18] |
| 16. Pursuant to the Resolution, on January 20, 2011, Defendant Neiuber sent Plaintiffs' counsel a letter informing him that the Resolution was adopted and attached a copy for his review. | 16. [Comp. ¶10; Exh. 19] |
| 17. The letter also said that Plaintiffs' November 26, 2010 request for accommodation was incomplete and that it must include all information | 17. [Comp. ¶10; Exh. 19] |

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| required by the Resolution. | |
| 18. To date, Covina has taken no legal action to fine or sanction plaintiffs or to close down Johnson House. | 18. [Exh. 3 at 60-61, 172-174, 185-186; Exh. 4 at 33; Exh. 6 at 75-76, 109] |
| 19. To date, Johnson House continues to operate at 353 N. Greer Avenue. | 19. [Exh. 3 at 60-61, 172-174, 185-186; Exh. 4 at 33; Exh. 6 at 75-76, 109] |
| 20. Johnson House has no medical, therapeutic or other professional licensing or training in the diagnosis or treatment of alcohol or drug dependence and do not hold themselves out as providing such services. | 20. [Exh. 3 at 93-96, 104-108, 121-122, 126; Exh. 4 at 29-31, 33-34; Exh. 5 at 33, 37, 42-43; Exh. 6 at 19, 46-47, 113; Exh. 7 at 3:8-9; Exh. 16 at 10-24 (see bottom caption of each page)] |
| 21. Johnson House is <u>not</u> wholly or partly conducted by any department or agency of the United States, nor does it act under authorization from a United States agency.   [Exh. 6 at 117; Exh. 7 at 3] | 21. [Exh. 3 at 68-69; Exh. 7 at 3] |
| 22. Johnson House does not receive any Federally-sourced assistance from any level of government. | 22. [Exh. 6 at 118; Exh. 7 at 3] |
| 23. A Johnson House resident's average stay is around 1 to 3 months. | 23. [Exh. 3 at 53:16-17; Exh. 4 at 48:20-21] |
| 24. Residents generally don't know | 24. [Exh. 3 at 81-82; Exh. 7 at 4:18-19] |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| each other prior to coming to Johnson House. Further, Johnson House usually doesn't know where the residents have gone since leaving. | |
| 25. Since 2006, a total of 194 residents have lived at Johnson House, either at its current or former location. Since 2010, 65 have lived at Johnson House. | 25. [Exh. 7 at 4-11] |
| 26. Residents must release and hold harmless Johnson House for loss or injury while resident is in or about the premises. | 26. [Exh. 16 at 20] |
| 27. The detailed Johnson House "resident application" requires, among other things, a resident's social security number, employment information, parole/probation status, recent illnesses, insurance information, etc. | 27. [Exh. 16 at 12-13] |
| 28. Rent is due from Johnson House residents either weekly or monthly, and failure to pay usually results in eviction. | 28. [Exh. 3 at 90-91] |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

65002.00229\7310724.1

- 7 -

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
CV 11-02809 RGK (Ex)

1  Based upon the above facts, and as more fully discussed in the accompanying
2  Memorandum of Points and Authorities, Defendants City of Covina and Robert
3  Neiuber respectfully submit that they are entitled to judgment as a matter of law.

Dated: March 21, 2012

BEST BEST & KRIEGER LLP

By: /s/
JOHN D. HIGGINBOTHAM
WILLIAM J. PRIEST
Attorneys for Defendant
CITY OF COVINA and
ROBERT NEIUBER

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

65002.00229\7310724.1

- 8 -

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
CV 11-02809 RGK (Ex)