1  JOHN D. HIGGINBOTHAM, Bar No. 204179
2  WILLIAM J. PRIEST, Bar No. 202654
   john.higginbotham@bbklaw.com
3  william.priest@bbklaw.com
   BEST BEST & KRIEGER LLP
   3750 University Avenue, Suite 400
4  P.O. Box 1028
   Riverside, CA  92502
5  Telephone: (951) 686-1450
   Facsimile: (951) 686-3083
6
7  Attorneys for Defendant
   CITY OF COVINA and ROBERT NEIUBER
8
9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  THE JOHNSON SOBER LIVING          Case No.  CV 11-02809 RGK (Ex)
    HOUSE, SANDEE REPP, John          Judge: R. Gary Klausner
13  Does 1-8 and Jane Roes 9-12,
                                      NOTICE OF MOTION AND MOTION
14            Plaintiff,              OF DEFENDANTS CITY OF COVINA
                                      AND ROBERT NEIUBER FOR
15       v.                           SUMMARY JUDGMENT OR
                                      ALTERNATIVELY, PARTIAL
16  CITY OF COVINA and ROBERT         SUMMARY JUDGMENT;
    NEIUBER,                          MEMORANDUM OF POINTS AND
17                                    AUTHORITIES
            Defendant.
18                                    [Filed concurrently with:
19                                    1. Motion to File Points and Authorities
                                         in Excess of Page Limitations;
20                                    2. Separate Statement of Undisputed
                                         Facts;
21                                    3. Declaration of Robert Neiuber;
                                      4. Declaration of John Higginbotham;
22                                    5. Request for Judicial Notice;
                                      6. Appendix of Evidence.]
23
                                      Hearing:
24                                    Date:    April 16, 2012
                                      Time:    9:00 a.m.
25                                    Dept:    850 – Roybal Building

26                                    Motion Filing Cut-Off: March 21, 2012
                                      Pre-Trial Conference:   May 21, 2012
27                                    Trial Date:             June 5, 2012
28

65002.00229\7320562.2                        MOTION FOR SUMMARY JUDGMENT
                                             CV 11-02809 RGK (Ex)

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION, FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT ................................................................................- 1 -

II. ARGUMENT ..............................................................................................- 6 -

   A. The Resolution Does Not Seek Confidential Information in Violation of the Federal Alcohol/Drug Abuse Program Records Privacy Regulations - 42 CFR §§ 2.1 and 2.2, Because Johnson House Residents Are Not "Patients" Covered by the Regulations ................................................- 6 -

      1. Limited Scope of Confidentiality Under 42 CFR §§2.1 and 2.2 ............- 6 -

      2. Johnson House residents are not "patients" within the scope of 42 CFR §§2.1 and 2.2 and are, therefore, not covered by the Federal records confidentiality regulations. ..................................................- 7 -

         a. Johnson House does not provide "diagnosis" ..........................- 7 -

         b. Johnson House does not provide "treatment" ..........................- 8 -

         c. Johnson House does not provide "referral for treatment"..........- 9 -

         d. Johnson House is not a "program" under the regulations...........- 9 -

         e. Even if Johnson House were a "program", it is not "federally assisted" under the regulations ..............................- 10 -

   B. The Resolution Does Not Seek Information that is Protected by the Federal Fair Housing Amendments Act (FHA) .................................- 11 -

      1. FHA requires the City to extend a reasonable accommodation in housing to the disabled..................................................................- 11 -

      2. FHA permits a housing provider to make a reasonable inquiry into a prospective resident's disability, including seeking reliable third-party confirmation of the disability ..........................................- 12 -

         a. HUD/DOJ's interpretation of Section 100.202(c)(2)) permits a housing provider to obtain third-party confirmation of a housing applicant's disability .......................- 13 -

         b. This Court should give great weight to the Joint Statement in construing FHA.........................................................- 14 -

         c. Cases interpreting Section 100.202(c)(2) have also recognized the right of housing providers to make this inquiry .........................................................................- 15 -

      3. Although the City is not a "housing provider", the same reasoning should apply to the City where it considers a reasonable accommodation in zoning to an applicant..............................................- 17 -

   C. Covina Did Not Commit FHA-Prohibited Coercion, Intimidation, Etc. Against Johnson House Because No Adverse Action Has Been Taken. ..........- 18 -

   D. The Resolution Does Not Violate Any California Constitutional Right to Privacy................................................................................- 19 -

      1. Adamson does not apply to "boarding houses" and similar business operations .................................................................................- 19 -

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

TABLE OF CONTENTS
CV 11-02809 RGK (Ex)

1

2

3    2.    Johnson House is not an "alternative family" but is a business providing a service to its residents. ........................................................ - 21 -

4    E.    The Resolution Does Not Violate Any Federal Constitutional Right to Privacy ........................................................................................................ - 22 -

5

6    F.    The Resolution Does Not Constitute a Bill of Attainder ................................. - 23 -

III.    CONCLUSION .......................................................................................................... - 23 -

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

TABLE OF CONTENTS
CV 11-02809 RGK (Ex)

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Barnhart v. Walton,*
  535 U.S. 212 (2002) ............................................................... 14

*Edmonds v Oxford House,*
  514 U.S. 725 (1995) ................................................................. 2

*Homes, Inc., v. Spencer,*
  415 Fed. Appx. 617 (6th Cir., 2011) .......................................... 15, 16

*Laflamme v. New Horizons, Inc.,*
  605 F. Supp 2d 378 (D. Conn. 2009) ............................................ 15

*Nixon v. Administrator of Gen'l Serv.,*
  433 U.S. 425 (1977) ................................................................ 23

*Oxford House, Inc. v. City of Virginia Beach,*
  825 F.Supp. 1251 (E.D. Va. 1993) .............................................. 18

*Schuetz v. Banc One Mortgage Corp.,*
  292 F.3d 1004 (9th Cir. 2002) ................................................... 14

*Skidmore v. Swift & Co.,*
  323 U.S. 134 (1944) ................................................................ 14

*United States v. Mead Corp.,*
  533 U.S. 218 (2001) ................................................................ 14

*United States v. Smith,*
  511 F.3d 77 (1st Cir., 2007) ....................................................... 7

*Village of Belle Terre v. Boraas,*
  416 U.S. 1 (1974) ................................................................... 22

*Walker v. City of Lakewood,*
  272 F.3d 1114 (9th Cir. 2001) ................................................... 18

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

**STATE CASES**

*Adamson v. City of Santa Barbara,*
    27 Cal. 3d 123 (1980) ................................................................. 19, 20, 21, 22

**FEDERAL STATUTES**

42 U.S.C. §§290dd-3 and 290ee-3 .............................................................6

42 U.S.C. §3604 ....................................................................................... 12

42 U.S.C. §3604(f)(2) ..................................................................................2

42 U.S.C. §3604(f)(3)(B) ....................................................................... 2, 12

42 USC §§3603, 3604, 3605 ...................................................................... 18

42 USC §3617 ..................................................................................... 18, 19

**STATE STATUTES**

California Municipal Code §17.28.020(F) ....................................................2

Welf. & Inst. Code §§11834.01 et seq. ........................................................1

**RULES**

Federal Rule of Appellate Procedure 32.1 ................................................. 15

**REGULATIONS**

24 CFR §100.202(c)(2) ......................................................................... 13, 15

42 CFR §2.1 ...............................................................................................6

42 CFR §§2.1 and 2.2 ................................................................. 5, 6, 7, 11

42 CFR §2.2 ...............................................................................................6

42 CFR §2.3 ...............................................................................................6

42 CFR §2.11 ......................................................................................7, 8, 9

42 CFR § 2.12(b)(4) ................................................................................... 11

42 CFR §§2.12(b)(1)-(4) ............................................................................ 10

TABLE OF CONTENTS
CV 11-02809 RGK (Ex)

1

## OTHER AUTHORITIES

2

Gorman, Marinaccio and Cardindale, *Fair Housing for Sober Living: How
3      the Fair Housing Act Addresses Recovery Homes for Drug and Alcohol
       Addiction*, The Urban Lawyervol. l. 42, No. 3, pg. 608. ......................................1
4

5      *Oxford House, Inc. et al. v. City of Baton Rouge*
       (Civil Action No. 11-391-JJB)........................................................................ 17
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

TABLE OF CONTENTS
CV 11-02809 RGK (Ex)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on April 16, 2012 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the above-captioned court located at 312 N. Spring Street, Los Angeles, California, defendants City of Covina and Robert Neiuber will and do hereby move for summary judgment on the Complaint of Plaintiffs Johnson Sober Living House, Lance Glock and Sandee Repp or, alternatively, for partial summary judgment of each of the two (2) counts in Plaintiffs' Complaint, of each claim made within those counts, and of Plaintiffs' claims for damages.

This Motion is made pursuant to Federal Rule of Civil Procedure 56, on the grounds, as more fully set forth in the attached points and authorities and supporting evidence, that the action has no merit, that there is no triable issue as to any material fact, and that Defendants are entitled to judgment as a matter of law.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying Separate Statement of Undisputed Facts, Declarations of Robert Neiuber and John Higginbotham, Request for Judicial Notice and Appendix of Evidence, and any other matters properly before the Court at the time of the hearing.

This Motion is made after multiple conferences of counsel pursuant to Local Rule 7-3, over an extended period of time, including on February 13, 2012.

Dated:      March 21, 2012                    BEST BEST & KRIEGER LLP


                                              By: _____
                                                  JOHN D. HIGGINBOTHAM
                                                  WILLIAM J. PRIEST
                                                  Attorneys for Defendants
                                                  CITY OF COVINA and
                                                  ROBERT NEIUBER

65002.00229\7320562.1

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION, FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT**.

This case arises from the City of Covina's reasonable efforts to answer one simple question:  What is the Johnson Sober Living House?  Is it a sober living facility or just a boarding house?  The answer to that question is crucial as to whether Covina must allow it to operate at its current single-family-residentially zoned location.  However, when Covina sought certain information from Plaintiffs last year about their residents' disability status to confirm that Johnson House is a sober living facility, they filed the instant lawsuit, claiming that the information is confidential under various privacy laws.  However, for the reasons set forth herein, Covina is entitled to this information and Plaintiffs' lawsuit must necessarily fail.

By way of background, local governments typically encounter three types of residential operations related to alcohol and drug recovery.  The first are State-licensed residential treatment facilities, which provide supervised 24-hour non-medical services to adults in recovery, such as detoxification, psychotherapy and treatment planning.  Welf. & Inst. Code §§11834.01 *et seq*.  It is undisputed in this case the Johnson House is <u>not</u> a State-licensed facility.  [Exh. 3 at  pg. 165: lines 22-25; Exh. 4 at pg. 32: lines 12-15; Exh. 7 at pg. 3: lines 8-9]

The second type are sober living facilities/homes.  While they vary greatly in organization, they share some characteristics, such as providing a self-governing and cooperative residential environment where persons in recovery support each other's sobriety.  Typically, no licensed professionals are on site.  The residents may or may not be supervised, but typically have "house rules" to follow and a resident "house manager".  *See generally,* Gorman, Marinaccio and Cardindale, *Fair Housing for Sober Living:  How the Fair Housing Act Addresses Recovery Homes for Drug and Alcohol Addiction*, The Urban Lawyer, Vol. 42, No. 3, pg. 608.  [Exh. 20]  Local zoning codes apply to sober living facilities, however,

persons in recovery are deemed to have a disability under Federal and State fair housing laws. *Edmonds v Oxford House,* 514 U.S. 725 (1995).  The Federal Fair Housing Amendments Act ("FHA") prohibits a city from regulating in a way that discriminates against the disabled.  42 U.S.C. §3604(f)(2)  This includes "a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford such persons equal opportunity to use and enjoy a dwelling."  42 U.S.C. §3604(f)(3)(B)  Depending upon the situation, a local government may be required, as a FHA reasonable accommodation, to allow a sober living facility to operate in a single-family residential zone where it would otherwise be a prohibited "boarding house" under local code.

The final type are boarding/rooming houses, which simply provide room and/or board for transient residents for rent.  Like most cities, Covina does not permit these uses in its single-family residential neighborhoods, but only within its multiple-family zones.  CMC §17.28.020(F) [Exh. 8]  Cities may regulate these businesses to protect the residential character of single-family neighborhoods, including prohibiting them.  86 Ops. Atty. Gen. 30 (2003).  Further, these businesses are entitled to no reasonable accommodation in zoning under FHA.

A city's ability to distinguish between the latter two is critical to the well being of a residential neighborhood.  Unfortunately, this can be difficult and the following is not uncommon:  Upon investigating a complaint about a boarding house in a single-family residential neighborhood, the city notifies the owner that such a use is not permitted in the zone.  The owner then claims that his residents are "in recovery".  Sometimes, this is legitimate.  Other times, unscrupulous owners claim "disability" to falsely obtain a reasonable accommodation to continue operating illegally. *See generally,* Gorman, Marinaccio and Cardindale, *supra.*

Covina's situation is quite similar.  Each step it has taken has been to determine which type of operator Johnson House is.  This matter started on

MOTION FOR SUMMARY JUDGMENT
CV 11-02809 RGK (Ex)

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1   September 22, 2010, when two Covina police officers responded to a call of a

2   marijuana smell coming from Johnson House and of several individuals moving in.

3   The officers talked with Lance Glock who denied that any marijuana was present

4   and no further action was taken on that issue.  The officers also asked Glock about

5   the number of  individuals residing there and whether Johnson House was going to

6   be a sober living facility.  One of the officers returned to the location two days later

7   and obtained some additional information.  [Exh. 6 at 76-86; Exh. 9 & 10]

8   On October 14, 2010, Defendant Neiuber sent a letter to Glock and Plaintiff

9   Sandee Repp notifying them that they were operating a boarding house at 353 N.

10   Greer Ave., that Covina's Zoning Code does not permit such uses in the zone, and

11   if operating as such, they must cease operations immediately.  The letter also noted

12   Plaintiffs' prior claim that Johnson House is a sober living facility but that Covina's

13   investigation to date suggested otherwise.  The letter then requested Plaintiffs to

14   provide further information that Johnson House is a sober living facility entitled to

15   reasonable accommodation in housing.  [Comp. ¶7; Exh. 11]

16   On October 19, 2010, Glock and Repp responded with a letter and some

17   documents intended to demonstrate that Johnson House is a sober living facility.

18   The letter also demanded as an accommodation that "the city drop all fees for any

19   permits, planning fees and harassment and continued harassment [sic] from the city

20   as it affects disabled people their equal opportunity to use and enjoy a dwelling in a

21   single family residence."[1]  [Exh. 12]

22

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

---

23   [1]   Based upon a prior conversation with a City of Covina planning official, Glock

24   and Repp also filed a housing discrimination complaint with HUD on September

25   29, 2010, which HUD ultimately determined to lack reasonable cause.  Complete
     copies of HUD's findings and its Final Investigative Report are attached to the

26   Appendix of Evidence.  [Exh. 13 & 14]    They filed a previous housing
     discrimination complaint with HUD against the City of Azusa in 2008, which was

27   also determined to lack reasonable cause.  A copy of those findings are also

28   attached. [Exh. 15]

On November 9, 2010, Glock, Covina staff (including Mr. Neiuber), and each of their attorneys, met with a representative from the United States Department of Housing and Urban Development ("HUD") to discuss Johnson House's operations in order to resolve the issues raised by Covina in its October 14 letter. [Comp. ¶8; Exh. 1]  At the meeting, Plaintiffs' attorney presented several pages of information about Johnson House in support of their request for accommodation in zoning. [Exh. 16]   In response to Mr. Neiuber's verbal request at the meeting, Covina received a letter from Plaintiffs' attorney, dated November 26, 2010, presenting a revised demand for accommodation for Johnson House based upon its residents' claimed disabilities. [Comp. ¶8; Exh. 17]

On December 7, 2010, Repp and Glock attended a follow up meeting with Covina staff, along with each of their attorneys and two representatives from HUD, to further discuss Johnson House's operations and to better understand the accommodations that were being requested by Johnson House in order to continue operating at its location. [Comp. ¶8; Exh. 1]

After that meeting, Defendant Neiuber, in conjunction with the Covina City Attorney's Office, prepared and submitted a proposed resolution to the Covina City Council to establish a procedure to accept and evaluate applications made by disabled persons for reasonable accommodation in housing within Covina, pursuant to applicable Federal and State fair housing laws.  The Covina City Council held an open meeting on December 21, 2010, at which Resolution 10-6919 (hereafter the "Resolution") was presented and duly adopted. [Comp. ¶9; Exh. 1; Exh. 18]

Pursuant to the Resolution, on January 20, 2011, Defendant Neiuber sent Plaintiffs' counsel a letter informing him that the Resolution was adopted and attached a copy for his review.  The letter also said that Plaintiffs' November 26, 2010 request for accommodation was incomplete and that it must include all information required by the Resolution. [Comp. ¶10; Exh. 19]  Among the items of information required are the following:

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

"4. The basis for the claim that the Dwelling Occupant(s)
is/are considered protected by the Fair Housing Laws
(applicant should submit a letter from a medical doctor,
social or case worker, handicapped license, or other
similar supportive evidence);

5. The reason the accommodation is necessary to make
the specific housing available to the Dwelling
Occupant(s)...."

Plaintiffs were further told to respond within 30 days or Covina would assume that they no longer wanted to pursue a reasonable accommodation and that they have ceased all further operations.   [Id.]

The underlined language is intended to confirm a Dwelling Occupant's disability from a reliable third party not related to the housing operator.  Otherwise, Covina will be forced to take an operator's statements of "disability" at face value.  While many operators are good to their word, cities also understand that some operators are willing to obfuscate (if not outright lie) about their residents' "disabilities" just to get the city off their back.  This language operates as a check.  It only requires a letter - not full medical, psychological or other health records.

What Plaintiffs propose, however, would deprive Covina of this reasonable tool under the auspices of supposed privacy rights.  This result was clearly not intended by the Legislature, and the various privacy laws cited by Plaintiffs do not render this information off-limits to Covina.  The Federal Alcohol/Drug Abuse Program Records Privacy regulations cited by Plaintiffs (42 CFR §§2.1 and 2.2) do not apply to them because Johnson House's residents are not "patients" covered by the regulations.  With respect to FHA, the case law and administrative regulations support Covina seeking this information to evaluate a reasonable accommodation request.  With respect to alleged violations of Plaintiffs' rights to privacy under the Federal and State Constitutions, there is simply no authority to support Plaintiffs'

MOTION FOR SUMMARY JUDGMENT
CV 11-02809 RGK (Ex)

1    position because Johnson House is not an "alternative family" entitled to special

2    Constitutional protection.    Finally, because the Resolution liberalizes Covina's

3    former reasonable accommodation policy and because it has not taken any punitive

4    action against Johnson House to date, the Resolution does not constitute illegal

5    coercion, threat or intimidation under FHA, nor an impermissible bill of attainder.

6    For all of the reasons set forth above, Defendants are entitled to judgment in their

7    favor on all counts.

8    **II.    ARGUMENT**

9    **A.    The Resolution Does Not Seek Confidential Information in**

10   **Violation of the Federal Alcohol/Drug Abuse Program Records Privacy**

11   **Regulations - 42 CFR §§ 2.1 and 2.2, Because Johnson House Residents Are**

12   **Not "Patients" Covered by the Regulations.**

13              1.    *Limited Scope of Confidentiality Under 42 CFR §§2.1 and 2.2.*

14        42 U.S.C. §§290dd-3 and 290ee-3 have been recodified as 42 CFR §§2.1 and

15   2.2. 42 CFR §2.1 provides:

16              "[r]ecords of the identity, diagnosis, prognosis, or

17              treatment of any patient which are maintained in

18              connection with the performance of any drug abuse

19              prevention function conducted, regulated, or directly or

20              indirectly assisted by any department or agency of the

21              United States shall, except as provided in . . . this section,

22              be confidential and be disclosed only for the purposes and

23              under the circumstances expressly authorized under . . .

24              this section."

25        42 CFR §2.2 reads almost identically, except that it applies to alcoholism or

26   alcohol abuse.  This confidentiality obligation continues to apply to the records of

27   any individual who is or has been a "patient".

28        Further, 42 CFR §2.3 states, in pertinent part:

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1   "[u]nder the statutory provisions quoted in [Sections] 2.1

2   and 2.2, these regulations impose restrictions upon the

3   disclosure and use of alcohol and drug abuse <u>patient</u>

4   records which are maintained in connection with the

5   performance of any <u>federally assisted</u> alcohol and drug

6   abuse <u>program</u>. . . ."  (emphasis added)

7        The underlined language clearly indicates that these regulations do not create

8   some nationwide confidentiality rule applicable to all alcohol or drug abuse records.

9   Rather they impose a limited prohibition that applies to the disclosure of <u>patient</u>

10   records maintained as a part of specific <u>federally assisted programs</u>.   For the

11   reasons below, these regulations do not apply to Johnson House residents.

12        2.   _Johnson House residents are not "patients" within the scope of_

13             _42 CFR §§2.1 and 2.2 and are, therefore, not covered by the_

14             _Federal records confidentiality regulations._

15        A "patient" is defined as "any individual who has applied for or been given

16   <u>diagnosis or treatment</u> for alcohol or drug abuse at a <u>federally assisted program</u> . . .

17   ."  42 CFR §2.11.  (emphasis added).   Johnson House fails to meet each of these

18   underlined elements and, therefore, its residents are not "patients".

19        a.   <u>Johnson House does not provide "diagnosis".</u>

20        42 CFR §2.11 defines "diagnosis" to be "any reference to an individual's

21   alcohol or drug abuse or to a condition which is identified as having been caused by

22   that abuse which is made for the purpose of treatment or referral for treatment."

23   The term "diagnosis" connotes a statement made by a medical, psychiatric or other

24   licensed professional for purposes of rendering treatment.   _See, United States v._

25   _Smith_, 511 F.3d 77, 82 (1st Cir., 2007) (statements made regarding "overdose on a

26   variety of medications" and "amphetamine overdosed psychosis", written by a

27   nurse practitioner at a mental hospital were considered "diagnosis").

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1       In this case, it is undisputed that Plaintiffs have no medical, therapeutic or

2  other professional licensing or training in the diagnosis of alcohol or drug

3  dependence. Plaintiffs have acknowledged that they provide no medical,

4  psychological, psychiatric, social work or other professional services at Johnson

5  House. The only services provided to residents are (i) room and board, (ii)

6  occasionally driving residents to AA and similar meetings, (iii) tracking resident

7  attendance at AA meetings, (iv) random drug testing, and (v) enforcement of house

8  rules. [Exh. 3 at 93-96, 104-108, 121-122, 126; Exh. 4 at 29-31, 33-34; Exh. 5 at

9  33, 37, 42-43; Exh. 6 at 19, 46-47, 113; Exh. 7 at 3:8-9; Exh. 16 at 10-24 (see

10  bottom caption of each page)]   If a resident were struggling with recovery,

11  Plaintiffs, at best, could only offer layperson's advice. Plaintiffs are neither

12  licensed nor qualified to render a "diagnosis" as defined in the Federal records

13  confidentiality regulations.

14          b.    Johnson House does not provide "treatment".

15       42 CFR Section 2.11 defines "treatment" as "the <u>management and care</u> of a

16  patient suffering from alcohol or drug abuse, a condition which is identified as

17  having been caused by that abuse, or both, in order to <u>reduce or eliminate the</u>

18  <u>adverse effects upon the patient.</u>" (Emphasis added). This connotes a more

19  structured environment, like a State-licensed drug/alcohol recovery facility.

20       In contrast, Johnson House merely claims to provide a supportive living

21  arrangement for persons in recovery. It does not manage or care for residents'

22  conditions, beyond providing social support. At most it: (i) "strongly suggests" that

23  residents participate in appropriate recovery programs; and (ii) adopts "house rules

24  which prohibit the use of alcohol and drugs." [Comp. ¶5; Exh. 16 at 10-11] At best,

25  this is, again, layperson's assistance – not treatment. It appears that residents can

26  do as they wish as long as they stay sober and obey the house rules. Therefore,

27  there is no evidence that Johnson House provides "treatment" to its residents as

28  defined in the Federal confidentiality regulations.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1           c.    Johnson House does not provide "referral for treatment".

2      The Federal agency implementing the confidentiality regulations has

3  published guidance as to what constitutes "referral for treatment".   The United

4  States Substance Abuse and Mental Health Services Administration ("SAMHSA")

5  has stated that "[t]he regulations apply to federally assisted organizations and

6  individual practitioners (for example, psychologists, physicians, or even

7  acupuncturists) that specialize in providing, in whole or in part . . . alcohol or drug

8  abuse diagnosis, treatment, or referral for treatment." [Exh. 21 at 2]  This strongly

9  indicates that those providing "referral for treatment" are not laypersons, but

10  professionals with specialized training.  As such, Johnson House personnel do not

11  provide "referral for treatment" within the meaning of §2.11.

12           d.    Johnson House is not a "program" under the regulations.

13  42 CFR Section 2.11 defines the term "program" as:

14      1.    An individual or entity (other than a general medical care facility) who

15          holds itself out as providing, and provides, alcohol or drug abuse

16          diagnosis, treatment or referral for treatment; or

17      2.    An identified unit within a general medical facility which holds itself

18          out as providing, and provides, alcohol or drug abuse diagnosis,

19          treatment or referral for treatment; or

20      3.    Medical personnel or other staff in a general medical care facility

21          whose primary function is the provision of alcohol or drug abuse

22          diagnosis, treatment or referral for treatment and who are identified as

23          such providers.

24      There is no evidence in this case that Johnson House is a unit or staff within a

25  general medical facility, so it is not a "program" under either elements 2 or 3 above.

26      Further, for the reasons set forth above, Johnson House does not provide and

27  does not hold itself out as providing diagnosis, treatment, or referrals for treatment.

28

1  Johnson House only claims to provide a supportive living arrangement, which does
2  not rise to the level of a "program" under the Federal regulations.

3                    e.   Even if Johnson House were a "program", it is not
4                         "federally assisted" under the regulations.

5       Under the regulations, an alcohol or drug abuse program is "federally
6  assisted" if it meets any of the following elements:

7       "i.   it is wholly or partially conducted directly or by contract or otherwise
8             by any department or agency of the United States;

9       ii.   it is being carried out under a license, certification, registration, or
10            other authorization granted by any department or agency of the United
11            States. . . .;

12      iii.  it is supported by funds provided by any department or agency of the
13            United States by being:

14            (a) A recipient of Federal financial assistance in any form, including
15      financial assistance which does not directly pay for the alcohol or drug abuse
16      diagnosis, treatment, or referral activities; or

17            (b) Conducted by a State or local government unit which, through
18      general or special revenue sharing or other forms of assistance, receives
19      Federal funds which could be (but are not necessarily) spent for the alcohol
20      or drug abuse program[;]

21      iv.   It is assisted by the Internal Revenue Service or the Department of the
22            Treasury through the allowance of income tax deductions for
23            contributions to the program or through the granting of tax exempt
24            status to the program."

25  (42 CFR §§2.12(b)(1)-(4))

26      Johnson House is <u>not</u> wholly or partly conducted by any department or
27  agency of the United States, nor does it act under authorization from a United States
28  agency.  Plaintiffs deny possessing any such license or authorization.  [Exh. 3 at 68-

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1   69; Exh. 7 at 3]  Therefore, neither of the first two elements is met.  With respect to

2   the third element, Plaintiffs deny receiving any Federally-sourced assistance from

3   any level of government.   [Exh. 6 at 118:12-15; Exh. 7 at 3]

4          With respect to the last element, Plaintiffs offer no evidence that the IRS has

5   granted Johnson House tax exempt status.  [Exh. 3 at 68]  Further, according to a

6   recent search by Defense Counsel, Johnson House is not listed in IRS Publication

7   78, the IRS' list of organizations eligible to receive tax-deductible charitable

8   contributions.[2]  [Exh. 2]  For each of these reasons, Johnson House does not qualify

9   as "federally assisted" under 42 CFR Section 2.12(b)(4).

10         Overall, Plaintiffs wholly fail to demonstrate that Johnson House is a

11  <u>federally assisted program</u> that provides <u>diagnosis, treatment or referral for</u>

12  <u>treatment</u> to its residents.  As such, Johnson House residents are not "patients"

13  whose identity and recovery status are confidential under 42 CFR §§2.1 and 2.2.

14  Therefore, the City's Reasonable Accommodation Resolution does not violate any

15  privacy rights guaranteed by these regulations.

16         **B.    The Resolution Does Not Seek Information that is Protected by**

17  **the Federal Fair Housing Amendments Act (FHA).  To the Contrary, FHA**

18  **Supports Disclosure of the Information.**

19                1.    *FHA requires the City to extend a reasonable accommodation in*

20                       *housing to the disabled.*

21         FHA prohibits housing discrimination against a disabled person.   FHA

22  precludes three types of discriminatory behavior toward disabled persons: (1)

23  intentional discrimination; (2) any action, rule, practice, policy or procedure that

24  makes it more difficult for handicapped than non-handicapped residents to use or

25  enjoy a dwelling; and (3) any refusal to make a reasonable accommodation when

26  _____

27  [2] IRS.gov, *Publication 78: Cumulative List of Organizations Described in Section*
    *170(c) of the Internal Revenue Code of 1986, available at*

28  http://www.irs.gov/app/pub-78/ (last visited March 13, 2012).

1   such an accommodation may be necessary to afford a handicapped resident an

2   equal opportunity to use and enjoy his or her dwelling.   42 U.S.C. §3604.

3       Plaintiffs offer no evidence to support a claim of either intentional

4   discrimination or disparate impact through Covina's adoption and enforcement of

5   the Resolution.   The Resolution does not prohibit or restrict housing to disabled

6   persons.   Rather, disabled residents at Johnson House may be entitled to <u>more</u>

7   <u>favorable</u> treatment than non-disabled residents through a reasonable

8   accommodation. [Exh. 11 & 19]  The Resolution provides a procedure by which

9   one can obtain a reasonable accommodation, where one did not exist previously.

10  Rather than intentionally discriminate against Johnson House, Covina has given it

11  many opportunities to show its entitlement to a reasonable accommodation and that

12  it is not merely a prohibited "boarding house".  Johnson House simply does not like

13  that the City is requiring it to prove it.

14      A city also discriminates under FHA if it refuses to make reasonable

15  accommodations in rules, policies, practices, or services, when accommodations

16  may be necessary to afford the physically disabled equal opportunity to use and

17  enjoy a dwelling.  42 U.S.C. §3604(f)(3)(B)  As expressed in each letter sent by

18  Covina to Plaintiffs throughout this matter, the City has been keenly aware of this

19  obligation, <u>assuming that Johnson House's residents are, in fact, disabled</u>.  [Exh. 11

20  & 19].   At no time has the City refused a reasonable accommodation.  Rather, the

21  City has sought additional information pursuant to the Resolution to make this

22  determination.   This includes reliable third-party confirmation of the residents'

23  disabled status, which is authorized by the FHA.

24          2.   *FHA permits a housing provider to make a reasonable inquiry*

25              *into a prospective resident's disability, including seeking*

26              *reliable third-party confirmation of the disability.*

27      HUD regulations implementing FHA state as follows:

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1    "(c)    It shall be unlawful to make an inquiry to determine whether an

2    application for a dwelling, a person intending to reside in that dwelling after

3    it is so sold, rented or made available, or any person associated with that

4    person, has a handicap or to make inquiry as to the nature or severity of a

5    handicap of such person.  However, this paragraph does not prohibit the

6    following inquiries, provided these inquiries are made of all applicants,

7    whether or not they have handicaps:

8        (2) Inquiry to determine whether an applicant is qualified for a

9    dwelling available only to persons with handicaps or to persons with a

10   particular type of handicap;"

11   24 CFR §100.202(c)(2).

12       a.    HUD/DOJ's interpretation of Section 100.202(c)(2))

13             permits a housing provider to obtain third-party

14             confirmation of a housing applicant's disability.

15   To assist with FHA compliance, in 2004 HUD and the Department of Justice

16   issued a Reasonable Accommodation Joint Statement ("Joint Statement").   [Exh.

17   22]  Answer No. 18 of the Joint Statement says, in pertinent part:

18       **18.  If a disability is not obvious, what kinds of information may**

19       **a housing provider request from the person with a disability in**

20       **support of a requested accommodation?**

21       A housing provider may not ordinarily inquire as to the nature and

22       severity of an individual disability (*see* Answer 16, above).

23       However, in response to a request for a reasonable accommodation, a

24       housing provider may request reliable disability-related information

25       that (1) is necessary to verify that the person meets the Act's

26       definition of disability (*i.e.,* has a physical or mental impairment that

27       substantially limits one or more major life activities), (2) describes the

28       needed accommodation, and (3) shows the relationship between the

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1   person's disability and the need for the requested accommodation.

2   Depending on the individual's circumstances, information verifying

3   that the person meets the Act's definition of disability can usually be

4   provided by the individual himself or herself (*e.g.*., proof that an

5   individual under 65 years of age receives Supplemental Security

6   Income or Social Security Disability Insurance benefits or a credible

7   statement by the individual).   <u>A doctor or other medical professional,</u>

8   <u>a peer support group, a non-medical service agency, or a reliable third</u>

9   <u>party who is in a position to know about the individual's disability</u>

10   <u>may also provide verification of a disability.</u>   In most cases, an

11   individual's medical records or detailed information about the nature

12   of a persons' disability is not necessary for this inquiry. . . ."

13   (Emphasis added)

14   Alcohol and/or drug addiction clearly constitutes a "non-obvious" disability

15   in that it cannot be readily seen by a housing provider in contrast to, for example, a

16   physical disability.   Therefore, the Joint Statement supports seeking reliable third-

17   party confirmation of a resident's alcoholism or drug addiction in order to establish

18   the resident's entitlement to a reasonable accommodation under FHA.

19            b.   <u>This Court should give great weight to the Joint Statement</u>

20               <u>in construing FHA.</u>

21   Although the Joint Statement is not a formally promulgated regulation, the

22   United States Supreme Court has held that the rulings, interpretations and opinions

23   of Federal agencies, "do constitute a body of experience and informed judgment to

24   which courts and litigants may properly resort for guidance. . . ." *Skidmore v. Swift*

25   *& Co.*, 323 U.S. 134 (1944).   Further, at least one Ninth Circuit case has held that

26   *Chevron* deference may be appropriate for HUD interpretations. *Schuetz v. Banc*

27   *One Mortgage Corp.*, 292 F.3d 1004, 1012 (9th Cir. 2002) (*citing Barnhart v.*

28   *Walton*, 535 U.S. 212 (2002); *United States v. Mead Corp.,* 533 U.S. 218 (2001)).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1    The Joint Statement represents the interpretation of the two Federal Agencies
2    charged with FHA's enforcement, HUD and DOJ, and has remained unchanged for
3    the last eight years.  In other words, it is not a casual "off the cuff" statement by a
4    single government bureaucrat.  Rather, it represents the considerable expertise and
5    judgment of the Federal Government to which courts should give great weight.

6              c.    Cases interpreting Section 100.202(c)(2) have also
7                    recognized the right of housing providers to make this
8                    inquiry.

9    While no California cases have specifically addressed this issue, cases from
10   other jurisdictions clearly authorize a reasonable inquiry to determine whether a
11   prospective resident is disabled under FHA.

12   "A privately owned unsubsidized housing facility may lawfully restrict
13   occupancy to persons with handicaps.   The owner or operator of such a housing
14   facility must therefore be permitted to inquire of applicants to determine whether
15   they have a handicap for the purpose of determining eligibility." *Laflamme v. New*
16   *Horizons, Inc.*, 605 F. Supp 2d 378, 387 (D. Conn. 2009) (*citing to Implementation*
17   *of FHA*, 54 Fed. Reg. 3232, 3246 (Jan. 23, 1989)).   In this case, the Court held that
18   a landlord could not obtain an applicant's medical records to inquire into the nature
19   and extent of her serious physical/mental disabilities, but that the HUD regulations
20   would permit the disclosure of other records which would verify her eligibility.
21   An inquiry into "baseline eligibility" is allowed.  *Laflamme*, at 391-392.

22   More recently, the Sixth Circuit addressed a situation similar to this case.  In
23   *Overlook* Mutual *Homes, Inc., v. Spencer,* 415 Fed. Appx. 617 (6th Cir., 2011),[3] a
24   homeowner's association with a "no pets" rule sought to evict residents who

25   [3]    Although the Sixth Circuit has not recommended this decision for full-text
26   publication, it may still be cited pursuant to Federal Rule of Appellate Procedure
27   32.1, provided a copy of the decision is served with the brief or other paper in
     which it is cited.   The *Overlook* decision is attached to the Appendix of Evidence
28   as Exhibit 23.

1   purchased a dog.   The residents sought an accommodation to allow their daughter

2   with an anxiety disorder to have a "companion" or "emotional support" dog.   Over

3   a one-month period, the residents provided the association with the following

4   information:   (i) letters disclosing that their daughter had an anxiety disorder

5   impacting her ability to care for herself and to learn, she was receiving counseling,

6   her psychologist recommended the dog, and that she needed the dog as a reasonable

7   accommodation under FHA, (ii) a letter from the psychologist recommending the

8   dog, and (iii) the psychologist's name.   The association board, however, demanded

9   access to the daughter's medical and school records.   The residents refused, but

10  offered to have the psychologist speak with the board.   *Id.* at 618-619. [Exh. 23]

11  When the board insisted upon seeing the records, the residents filed suit.

12          The Court concluded that the association overreached by demanding copies

13  of medical and psychological records, however, it also said the following:

14              "A housing provider, however, is entitled to seek

15              information from an allegedly disabled person in order to

16              establish the existence of the disability and the necessity

17              of the accommodation. . . . The August 1, 2007, letter . . .

18              . did not allow Overlook to verify that a qualifying

19              disability existed or that the proposed accommodation

20              was related to the disability.   Even after receiving [the

21              residents'] letter of August 23, 2007, and [the residents']

22              waiver request of August 31, 2007, <u>Overlook was entitled</u>

23              <u>to additional information.</u>   At that same time, Overlook

24              was probably not entitled to the broad access to

25              confidential medical and school records it demanded."

26  *Id.* at 621-622 (emphasis added).

27          This is precisely the situation in this case.   Covina is not seeking confidential

28  medical or psychological files of Johnson House residents, but it is seeking limited

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

MOTION FOR SUMMARY JUDGMENT
CV 11-02809 RGK (Ex)

1    and reasonable third-party confirmation from professionals that the residents are, in

2    fact, disabled and entitled to a reasonable accommodation in zoning.

3           3.     *Although the City is not a "housing provider", the same*

4                   *reasoning should apply to the City where it considers a*

5                   *reasonable accommodation in zoning to an applicant.*

6       While the above authorities refer to housing providers, their logic should also

7    apply to Covina in its regulatory role as well.  Like a housing provider, Covina is

8    required to extend a reasonable accommodation to permit the disabled to access

9    housing under FHA.  If it does not, it can be subject to the same liability as a

10    housing operator.  And, if it cannot make the same limited inquiry into a

11    prospective resident's disability, Covina will not be able to fairly assess whether a

12    reasonable accommodation is required under FHA.  The only logical conclusion is

13    that if Covina is subject to the same rules as a housing provider, it should be able to

14    seek the same information as a housing provider to make FHA reasonable

15    accommodation decisions.  That is precisely what the Resolution does.

16       The only case of which Defendants are aware that has addressed a similar

17    situation, with the city as land use authority, is a Federal District Court decision out

18    of Louisiana.  In *Oxford House, Inc. et al. v. City of Baton Rouge*, (Civil Action

19    No. 11-391-JJB) the City denied a reasonable accommodation to a sober living

20    facility to operate in a single-family residential neighborhood.  The court granted

21    the facility a preliminary injunction, allowing it to currently operate.  While the

22    court ultimately found that, for purposes of a preliminary injunction, there was

23    sufficient evidence that the residents were disabled due to their recovery status, it

24    said "defendant correctly urges this court to make an individualized inquiry

25    regarding the applicability of the FHA criteria to the residents of the Shawn Drive

26    and Drusilla Oxford Houses." *Id*, at 5.  [Exh. 24 at 5][4]

27

28    [4]    As of the date of this filing, there has been no final decision rendered in this case.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1    The Resolution permits Covina, as the local land use authority, to make this

2    same individualized inquiry into whether Johnson House's residents are, in fact,

3    disabled.  For the reasons set forth above, the Resolution seeks limited information

4    that Covina may obtain under FHA and its implementing regulations.  Therefore,

5    Covina has not violated FHA by adoption and enforcement of the Resolution.

6    **C.    Covina Did Not Commit FHA-Prohibited Coercion, Intimidation,**

7    **Etc. Against Johnson House Because No Adverse Action Has Been Taken.**

8    42 USC §3617 states, in pertinent part, as follows:

9    "It shall be unlawful to coerce, intimidate, threaten, or

10   interfere with any person in the exercise or enjoyment of .

11   . . . any right granted or protected by . . . . [42 USC

12   §§3603, 3604, 3605 or 3606]."

13   To establish a case under §3617, one must show that (1) he is part of a

14   protected group or engaged in protected activity; (2) defendant subjected him to an

15   adverse action; and (3) a causal link exists between the protected status/activity and

16   the adverse action.  *Walker v. City of Lakewood,* 272 F.3d 1114 (9th Cir. 2001).

17   With respect to the first element, it is unclear whether the Johnson House

18   residents are "disabled" and therefore a protected group under FHA.  This case is

19   all about Covina's efforts to answer this question.

20   More importantly, Plaintiffs cannot show the second and third elements

21   because Covina has taken no adverse action against them.  Covina has not denied a

22   permit to Johnson House since it has never applied for one.  *(See, Oxford House,*

23   *Inc. v. City of Virginia Beach,* 825 F.Supp. 1251 (E.D. Va. 1993); failure to apply

24   for conditional use permit and be denied rendered FHA, ADA and Section 504

25   challenge filed by alleged sober living home unripe for adjudication).  Covina has

26   not cited Plaintiffs nor has it taken any action to close Johnson House, and it

27   continues to operate today. [Exh. 3 at 60-61, 172-174, 185-186; Exh. 4 at 33; Exh.

28   6 at 75-76, 109]  Further, Covina has not harassed Johnson House residents. [Exh.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1  3 at 173-174]  As indicated by Ms. Repp, the only impact upon Plaintiffs has been

2  dealing with this lawsuit – a lawsuit which they initiated.  [Exh. 3 at 185-186]

3      All Covina has done is exchange letters with Johnson House, meet with its

4  staff, adopt a Resolution to evaluate reasonable accommodation requests, and ask

5  Johnson  House  for  more  information  to  ascertain  whether  a  reasonable

6  accommodation is warranted.  Since no adverse action has been taken by Covina

7  there is no evidence that it is guilty of coercion, intimidation, threat or interference

8  in violation of 42 U.S.C. §3617.

9      **D.**    **The Resolution Does Not Violate Any California Constitutional**

10  **Right to Privacy.**

11      Defendants are unaware of any authority holding that a general California

12  Constitutional  right  to  privacy  prohibits  Covina  from  seeking  third-party

13  confirmation of a Johnson House resident's disability. The only authority remotely

14  touching on rights to privacy in this context is *Adamson v. City of Santa Barbara*.[5]

15      1.   *Adamson does not apply to "boarding houses" and similar*

16                 *business operations.*

17      In the case of *Adamson v. City of Santa Barbara*, 27 Cal. 3d 123 (1980), 12

18  unrelated adults were living in a large single-family-residentially zoned house.

19  The City sought to terminate this use because its zoning code only permitted

20  "families" to live in the zone.  The Code did not restrict the number of "family"

21  members related by blood, adoption or marriage, but limited unrelated "family"

22  members to five, exclusive of servants, living together as a single housekeeping

23  unit.   The  residents  challenged  the  ordinance  because  it  subjected  unrelated

24  "families" to more restrictive standards than related "families".   The evidence

25

26

27  [5]  Defendants infer that this is the direction of Plaintiffs' argument given Plaintiffs'
previous references to Johnson House residents being a "family" or "family"

28  members".  [Exh. 6 at 81-82; Exh. 9 at 1; Exh 16 at 6 & 8]

1   indicated that the plaintiffs had become a close group of friends with social,

2   economic, and psychological commitments to each other. *Adamson*, at 127.

3       The Court noted that while a similar ordinance did not violate the Federal

4   Constitution, the California Constitution grants a broader right to privacy which

5   includes the right for one to live with whomever one wishes. *Adamson*, at 130.  As

6   such, the Court held that the zoning ordinance violated the State Constitution.  That

7   being said, the Court noted that cities could still preserve the residential character of

8   neighborhoods by restrictions on transient and institutional uses, such as hotels,

9   motels, <u>boarding houses</u>, clubs, etc. *Adamson,* at 133 (emphasis added).

10      In 2003, the California Attorney General followed up on this theme by

11  concluding that a city may prohibit, limit or regulate the operation of a boarding

12  house business located in a low density residential (R-1) zone.  Citing to *Adamson,*

13  the Attorney General noted that "preserving the residential character of a

14  neighborhood is a legitimate government purpose that may be reasonably achieved

15  by prohibiting commercial enterprises such as operating a boarding house

16  business." 86 Ops. Atty. Gen. 30 (March 19, 2003).

17      This has been Covina's position throughout this proceeding.   Initially, it

18  understood that a boarding house was operating in a single-family residential

19  neighborhood and notified Plaintiffs that such a use would be prohibited under the

20  Covina Municipal Code. [Exh. 11]   Since that time, Covina has attempted to

21  ascertain what type of operation Johnson House actually is.  If it is a sober living

22  facility serving disabled residents, it may be allowed to operate as part of a FHA

23  reasonable accommodation.   If it is merely a boarding house, it is illegal and

24  Covina has full authority to insist that it no longer operate where it stands.  The

25  focus has always been there, not on who is related to whom as "family".

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

MOTION FOR SUMMARY JUDGMENT
CV 11-02809 RGK (Ex)

2.    *Johnson House is not an "alternative family" but is a business providing a service to its residents.*

Johnson House is not an "alternate family" in the *Adamson* sense.  Rather, it is a business providing occupancy to persons in exchange for rent.  Whether it is doing so as a sober living facility or as an illegal boarding house remains uncertain.  What cannot be denied, however, is that no "family" relationship exists.  This is borne out by the following uncontroverted facts:

A resident's average stay is around 1 to 3 months; [Exh. 3 at 53:16-17; Exh. 4 at 48:20-21]

-    Residents generally don't know each other prior to coming to Johnson House.  Further, Johnson House typically doesn't know where the residents have gone since leaving.  [Exh. 3 at 81-82; Exh. 7 at 4:18-19]

-    Since 2006, a total of 194 residents have lived at Johnson House, either at its current or former locations.  Since 2010, 65 have lived there.  [Exh. 7 at 4-11]

-    Residents must release and hold harmless Johnson House for loss or injury while resident is in or about the premises; [Exh. 16 at 20]

-    The detailed "resident application" requires, among other things, a resident's social security number, employment information, parole/probation status, recent illnesses, insurance information, etc.  [Exh. 16 at 12-13]

-    Rent is due from residents either weekly or monthly, and failure to pay usually results in eviction;  [Exh. 3 at 90-91]

This does not reflect the closely knit arrangement of an *Adamson* family".  Rather, as Ms. Repp so aptly said, "we're a business".  [Exh. 3 at 87:4]  Further, in his deposition, Mr. Hundermark stated that Ms. Repp has taken in non-recovering renters in order to bring in more rent.  [Exh. 4 at 17-188, 27]  This not only demonstrates that Johnson House is not a "family", it also calls into question whether it is being operated as a sober living facility – the crux of the issue.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

1    Therefore, although Johnson House may say that its residents live "family
2    style" and support each other's sobriety, it is still a business for local zoning
3    purposes.   The only question remaining is whether it is a business entitled to a
4    reasonable accommodation under FHA.   The Resolution is intended to answer this
5    question and the City may reasonably request Johnson House to answer it.

6       **E.      The Resolution Does Not Violate Any Federal Constitutional Right**
7    **to Privacy.**

8        Defendants are also unaware of any authority holding that a general Federal
9    Constitutional right to privacy prohibits the City from seeking third-party
10   confirmation of a Johnson House resident's disability.   The only authority touching
11   on rights to privacy in this context is *Village of Belle Terre v. Boraas,* 416 U.S. 1
12   (1974).

13       In that case, the United States Supreme Court reviewed a local zoning
14   ordinance similar to that in *Adamson.*[6]   Like in *Adamson*, the Plaintiffs were a
15   closely-knit group of friends wishing to live together.   Nevertheless, the Court held
16   that the ordinance served the legitimate purpose of protecting the residential
17   character of single-family zones, and did not interfere with the Plaintiffs' Federal
18   Constitutional rights of travel, assembly, as well as privacy.   *Id.* at 7-8.

19       Ultimately, if Covina's Resolution passes muster under *Adamson*, (which it
20   does) it must necessarily do so under *Village of Belle Terre*, since the California
21   standard is the more stringent.   Because sober living facilities, boarding houses, and
22   the like are businesses and not "alternative families" they may be locally regulated
23   and no Federal of California Constitutional privacy rights are impacted.

24
25
26

27   [6]   The ordinance restricted occupancy of single-family zoned houses to "families".
     The Code did not restrict the number of "family" members related by blood,
28   adoption or marriage, but limited unrelated "family" members to two.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3500 PORSCHE WAY, SUITE 200
ONTARIO, CA 91764

### F.     The Resolution Does Not Constitute a Bill of Attainder.

In order to claim a bill of attainder, Plaintiffs must show that the challenged law "legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." The fact that legislation is burdensome or otherwise adversely affects an individual does not make it a form of punishment and thereby a bill of attainder. *Nixon v. Administrator of Gen'l Serv.*, 433 U.S. 425, 468, 470 (1977).

The Resolution imposes no new punishment upon Plaintiffs. To the contrary, it is intended to provide a means by which Covina can extend <u>more lenient treatment</u> to sober living facilities than would typically be provided in its Code (as a prohibited "boarding house"). The Resolution furthers the non-punitive legislative goal of ensuring compliance with FHA's reasonable accommodation requirements. Whether Johnson House qualifies for a reasonable accommodation is unclear and the Resolution is geared toward answering this question.

Even more importantly, the City has taken no adverse action against Johnson House or its residents, so no punishment has been imposed. The most Plaintiffs have said is that trying to prove to Covina they are legitimate has caused some difficulty. [Exh. 3 at 185-186]   Finally, there is no legislative record showing an intent to punish. *Nixon* at 478.

Overall, Plaintiffs have failed to provide any evidence that the Resolution constitutes an impermissible bill of attainder.

### III.     CONCLUSION.

For the reasons set forth above, Plaintiffs wholly fail to demonstrate that the Reasonable Accommodation Resolution adopted by the City of Covina on December 21, 2010, and the City's reasonable attempts to seek information required by that Resolution violate the privacy rights of Johnson House residents. The Federal Alcohol/Drug Abuse Program Records Privacy regulations do not

1  apply to them since they are not covered "patients".  The Fair Housing

2  Amendments Act supports the City's efforts to obtain this information so that

3  Covina can properly determine whether a reasonable accommodation is warranted.

4  No Federal or California Constitutional privacy rights have been violated by

5  adoption and enforcement of the Resolution because the Johnson House residents

6  are not an "alternative family".  Finally, because the Resolution actually liberalizes

7  the City's former policy toward reasonable accommodations and because the City

8  has not taken any punitive action against Johnson House to date, the Resolution

9  does not constitute an impermissible bill of attainder against Plaintiffs.  For that

10 and the various other reasons discussed above, summary judgment should be

11 granted in Defendant's favor on all counts.

13 Dated:        March 21, 2012              BEST BEST & KRIEGER LLP

15                                    By:
16                                          JOHN D. HIGGINBOTHAM
                                            WILLIAM J. PRIEST
17                                          Attorneys for Defendants
                                            CITY OF COVINA and
18                                          ROBERT NEIUBER

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, SUITE 400
P.O. BOX 1028
RIVERSIDE, CA 92502